UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EMILIO ROMERO, | : | CIVIL NO: 1:18-CV-0502 |
| | : | |
| Petitioner | : | |
| | : | (Chief Judge Conner) |
| v. | : | |
| | : | (Chief Magistrate Judge Schwab) |
| COMMONWEALTH OF PENNSYLVANIA, | : | |
| | : | |
| Respondent | : | |

# **REPORT AND RECOMMENDATION**

## **I. Introduction.**

Emilio Romero ("Romero") is a state prisoner waiting trial, proceeding *pro se*. Romero has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. Because Romero has failed to exhaust his remedies in state court, we recommend that the petition be dismissed.

## **II. Background and Procedural History.**

At the time the petition was filed, Romero alleges that he was incarcerated for approximately 239 days. *Doc. 1-1* at 1. According to Romero, he is being denied his right to a speedy trial. *Doc. 1* at 2. Romero alleges that his incarceration is in violation of the Pennsylvania Rules of Criminal Procedure and

the federal and state constitutions. *Id.* Romero raised the issue through a bail modification motion[1] filed in the Court of Common Pleas of Monroe County. *Id.* at 6. In his complaint filed with this court, Romero is seeking immediate release based on violations of his Sixth Amendment rights. *Id.* But he has not gotten a response from the Court of Common Pleas yet. *Id.*

**III. Discussion.**

Federal habeas corpus relief "is substantially a post-conviction remedy." *Moore v. DeYoung*, 515 F.2d 437, 441 (3d Cir. 1975). Under 28 U.S.C. § 2241, district courts have jurisdiction to issue a writ of habeas corpus before judgment is rendered in a state court proceeding. *See id.* at 442 & n. 5. But, even though a petitioner is authorized to seek pre-conviction habeas relief, he must still exhaust state court remedies before filing a federal habeas petition. *Green v. Piazza*, No. 1:11-CV-1456, 2011 WL 3739356, at * 3 (M.D. Pa. 2011).

Exhaustion is mandated by statute only in the post-trial setting. *Moore*, 515 F.2d at 442. An exhaustion mandate for the pre-trial setting has been mandated through decisional law. *Id.* The court should not exercise its federal habeas corpus

---

[1] Rule 600 provides, "[w]hen a defendant has not been brought to trial within the time periods set forth in paragraph (A), at any time before trial, the defendant's attorney, or the defendant if unrepresented, may file a written motion requesting that the charges be dismissed with prejudice on the ground that this rule has been violated." PA. R. CRIM. P. 600(D)(1).

jurisdiction at the pre-trial stage unless there is exhaustion or extraordinary circumstances. *Id.* at 443.

"The exhaustion requirement ensures that state courts have the first opportunity to review federal constitutional challenges to state convictions and preserves the role of state courts in protecting federally guaranteed rights." *Caswell v. Ryan*, 953 F.2d 853, 857 (3d Cir. 1992). To satisfy the exhaustion requirement, the claim raised in the petition must be "fairly present[ed]" to the state courts. *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (quoting *Picard v. Connor*, 404 U.S. 270, 275 (1971)). "This requires that the claim brought in federal court be the substantial equivalent of that presented to the state courts. Both the legal theory and the facts supporting a federal claim must have been submitted to the state courts." *Lesko v. Owens*, 881 F.2d 44, 50 (3d Cir. 1989) (internal citations omitted). "Neither the Third Circuit nor the United States Supreme Court has explicitly described the 'boundaries of "extraordinary circumstances" [sufficient] to warrant pre-trial interference.'" *McDowell v. Chesney*, No. Civ.A.03-818-JJF, 2004 WL 1376591, at * 6, (D. Del. 2004) (quoting *Moore*, 515 F.2d at 447). To justify habeas interference, a petitioner must allege delay, harassment, bad faith or other intentional activity which might constitute extraordinary circumstances. *Id.* (citing *Lambert v. Blackwell*, 134 F.3d 506, 517 (3d Cir. 1997) (citation omitted)).

Federal courts have permitted habeas review of a speedy trial claim prior to a conviction, but only when "a petitioner is asking the state courts to enforce 'the state's constitutional obligation to bring him promptly to trial'" and when the petitioner has repeatedly made this request to the state courts. *Id.* at * 5 (quoting *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489-90 (1973)). A speedy trial claim in a pretrial application will not be reviewed by a federal court when a petitioner is merely attempting to derail or stop the pending state trial. *Moore*, 515 F.2d at 446.

Here, Romero has not exhausted his state court remedies. In fact, Romero's first attempt at obtaining a remedy is still pending in the Court of Common Pleas. If Romero is denied relief by the Court of Common Pleas, he can still appeal to the Pennsylvania Superior Court. Moreover, Romero is not seeking that the Commonwealth promptly bring him to trial, but he is instead seeking immediate release and dismissal of all charges. This is exactly what the *Moore* court said would not warrant habeas relief.

**IV. Recommendation.**

Accordingly, for the foregoing reasons, we recommend that Romero's pretrial habeas corpus petition (*doc. 1*) be dismissed.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 2nd day of April, 2018.

*S/Susan E. Schwab*
Susan E. Schwab
Chief United States Magistrate Judge